UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA PATRICIA AVALOS,<br><br>          Petitioner,<br><br>v.<br><br>DEBORAH K. JOHNSON,<br><br>          Respondent. | 1:13-cv-00205 MJS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE OF EARLIER FILED PETITION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF No. 4.)

    On December 20, 2012, Petitioner filed a federal petition for writ of habeas corpus in this Court. The petition was assigned case number "1:13-cv-00030 JLT HC," and is currently pending before the Court. In that petition, Petitioner presented claims involving improper handling of video evidence and ineffective assistance of trial counsel. On January 9, 2013, the Court ordered Petitioner to file an amended petition to correct deficiencies in the petition. On January 30, 2013, Petitioner requested an extension of time to file the amended petition

    On February 8, 2013, Petitioner filed a second federal petition for writ of habeas corpus

in this Court. This petition has been assigned case number "1:13-cv-00205 MJS HC." It too presents claims involving improper handling of video evidence and ineffective assistance of trial counsel. (See generally Pet.)

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion.  Id.   Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Id.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693.  The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694.

In the present case, the instant petition raises the same issues already being adjudicated by the court in case number 1:13-cv-00030 JLT HC. Moreover, based on

1  Petitioner's placement of the earlier-filed case number on the proof of service, it appears she
2  intended to file the complaint in the earlier-filed action.  Accordingly, the Court orders the
3  instant petition dismissed as duplicative.

4                                                  **ORDER**

5       Therefore, the Court hereby ORDERS that the petition for writ of habeas corpus be
6  DISMISSED as duplicative. Further, the Court ORDERS the Clerk of the Court to file a copy
7  of the present petition in Case No. 1:13-cv-00030 JLT HC.

9  IT IS SO ORDERED.
10 Dated:    April 19, 2013                        /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE